UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  2/1/2021

ALBA GARCIA,

                        Plaintiff,

-against-

PRITCHARD INDUSTRIES LLC; THE
MACQUARIE GROUP,

                       Defendants.

20-CV-10858 (ALC)

ORDER OF SERVICE

ANDREW L. CARTER, JR., United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1981, alleging that her employer discriminated against her based on her race, sex, and national origin. By order dated January 15, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that

it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Pritchard Industries LLC and The Macquarie Group through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff. Plaintiff has consented to receive electronic service of Court filings. (ECF No. 3.)

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Pritchard Industries LLC and The Macquarie Group, and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

SO ORDERED.

Dated:
    New York, New York
    Febuary 1, 2021

                                        ANDREW L. CARTER, JR.
                                        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Pritchard Industries LLC
   150 East 42nd Street, 7th Floor
   New York, NY 10017

2. The Macquarie Group
   125 West 55th Street
   New York, NY 10019